NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0208n.06

No. 20-4182

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GENE B. PHILLIPS; BABETTE R. KRAUSE, | ) | **FILED** |
| Plaintiffs-Appellants, | ) | May 26, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| ACACIA ON THE GREEN CONDOMINIUM | ) | ON APPEAL FROM THE |
| ASSOCIATION, INC.; SCOTT D. COHEN; | ) | UNITED STATES DISTRICT |
| RICHARD N. DETTLEBACH; JOHN F. KLEIN; | ) | COURT FOR THE NORTHERN |
| JAMES N. KLEINFELTER; DIANE E. | ) | DISTRICT OF OHIO |
| LOMBARDY; NINA H. ROTHMAN; AMY W. | ) | |
| WACHS, | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiffs-Appellants, Gene Phillips and Babette Krause, the latter as the personal representative of Stephen Weiss's estate, appeal the district court's grant of summary judgment to Defendants-Appellees Acacia on the Green Condominium Association, Inc. (Acacia), Acacia Board members, and Acacia employees in this dispute under the Fair Housing Amendments Act (FHAA) and an analogous Ohio statute. At all relevant times, Acacia did not permit condominium residents to use private grills on their patios, and instead provided two grills in the common area. Phillips and Weiss, disabled residents of Acacia, requested, and were denied, accommodations to use gas grills on their patios. Because Phillips failed to show that her requested accommodation was "necessary" to afford her an "equal

opportunity to use and enjoy [her] dwelling," and neither Phillips nor Weiss established that their requested accommodations were "reasonable" under the FHAA, we AFFIRM.

## I.

Acacia is a two-building condominium complex in Lyndhurst, Ohio. It has 273 units, which house about 375 residents. Acacia has several common amenities, including an outdoor grilling area, with two gas grills, and an outdoor swimming pool next to the grilling area. Acacia prohibited grills on residents' patios and balconies,[1] requiring all grilling to be done on the two gas grills in Acacia's grilling area.

## A.

Phillips suffers from arthritis, which makes it difficult for her to walk long distances without using a cane. Although she experiences "substantial pain and discomfort" when walking to and from Acacia's pool, she does so at least 2–4 times per week in the summer because her physician has prescribed swimming in heated water as therapy for her arthritis. R. 49-16, PID 1107.

In 2018, Phillips requested that the Board permit her to use a gas grill on the patio of her ground-floor unit, but she did not mention her disability. Later that year, she wrote a letter to the Board requesting permission to use a personal gas grill, stating, "This ask is based upon the Fair Housing Act which protects against disability discrimination." R. 49-20, PID 1120. The letter did not provide details of her disability. The Board denied her requests.

---

[1] Some of Acacia's patios had gas grills when the complex units were converted from apartments to condominiums in 1980, but within a few years of the conversion, the grills were removed from the patios. 1992 and 1999 versions of Acacia's rules for residents prohibited cooking on balconies. In 2010, Acacia changed the wording of the rules to explicitly prohibit cooking on balconies and patios. The version of the rules adopted in 2018 reads, "Any form of cooking on the patio or balcony is prohibited. Grills and any food preparation or food storage equipment are prohibited on patios and balconies." R. 42-2, PID 732.

In January 2020, Phillips sent the Board a letter from her physician explaining that she has arthritis, which makes it difficult for her to walk without using a cane and to carry food and grilling supplies long distances while using a cane. The letter added that Phillips would benefit from having a grill closer to her unit or another way to transport food and supplies to Acacia's grilling area. In response to the doctor's letter, the Board offered to have an Acacia employee bring Phillips a shopping cart or bring her food and grilling supplies to the grilling area when she wanted to use Acacia's grills. Phillips did not accept the Board's offer.

**B.**

In 2016, Weiss was diagnosed with lymphoma and circulatory vascular immune deficiency (CVID). His medical conditions caused him to suffer from periodic "extreme exhaustion" for hours or days, which prevented him from "walk[ing] anywhere outside of [his] apartment," including to the outdoor grilling area about 600 feet away from his unit. R. 49-2, PID 894. He did not use mobility aids.

Several times from 2013 to 2018, Weiss requested that Acacia permit him to use a personal gas grill on the patio of his ground-floor unit, but those requests—which were all denied—did not mention that he had a disability. In August 2018, Weiss wrote another letter to Acacia's Board, this time requesting grilling privileges as an accommodation of a disability under the FHAA, but without providing any details of his disability. The Board denied his request without offering an alternative accommodation.

Weiss passed away in July 2021. His widow, Babette Krause, is the personal representative of his estate.

**C.**

Weiss and Phillips sued Acacia, Acacia Board members, and Acacia employees in Ohio state court. Appellees removed the case to federal court. The district court remanded six claims to the state court and retained jurisdiction over two claims: violations of the FHAA and the Americans with Disabilities Act (ADA), and unlawful discrimination under § 4112.02 of the Ohio Revised Code. Weiss and Phillips sought compensatory damages and attorneys' fees for those alleged violations. They later withdrew their ADA claim.

Appellees moved for summary judgment, arguing that Weiss's and Phillips's requested accommodations were not necessary or reasonable under the FHAA or Ohio law. The district court granted the motion, concluding that there was no genuine issue of material fact regarding whether the requests were "necessary to afford" Weiss and Phillips an "equal opportunity to use and enjoy [their] dwelling[s]" under the FHAA. The district court did not consider whether the requested accommodations were "reasonable" under the statute.

**II.**

We review de novo a grant of summary judgment, viewing all evidence and drawing all reasonable inferences in the nonmoving party's favor. *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The FHAA prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). "Discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be

necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B). A disabled plaintiff has the burden of demonstrating that a requested accommodation under the statute is (1) reasonable and (2) necessary (3) to provide the disabled person with an equal opportunity to use and enjoy a dwelling. *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014); *Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002).

An accommodation is "necessary" under the FHAA when, but for the accommodation, a disabled person "likely will be denied an equal opportunity to enjoy the housing of their choice." *Howard*, 276 F.3d at 806. The FHAA requires accommodations that are necessary for a disabled person to use and enjoy a home as a non-disabled person could, not merely accommodations that are necessary for a disabled person to live or remain in a home. *Anderson v. City of Blue Ash*, 798 F.3d 338, 362 (6th Cir. 2015). The requested accommodation must "ameliorat[e] the effects of the [plaintiff's] disability." *Howard*, 276 F.3d at 806 (quoting *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir. 1995)).

An accommodation is "reasonable" under the FHAA when it imposes no "fundamental alteration in the nature of the program or undue financial and administrative burdens." *Id.* (internal quotation marks omitted). To determine reasonableness, a court weighs the requested accommodation's benefits to the plaintiff against the accommodation's burdens on the defendant. *Anderson*, 798 F.3d at 362.

Ohio law prohibits discrimination in "furnishing facilities, services, or privileges in connection with the ownership, occupancy, or use of any housing accommodations." Ohio Rev. Code § 4112.02(H)(4). This provision is analogous to the FHAA's anti-discrimination housing

provisions. *See Ohio Civ. Rts. Comm'n v. Harlett*, 724 N.E.2d 1242, 1244 (Ohio Ct. App. 1999); *Groner v. Golden Gate Gardens Apts.*, 250 F.3d 1039, 1041, 1043 (6th Cir. 2001).

### A. Phillips

Phillips's requested accommodation was not "necessary" under the FHAA. First, Phillips has not demonstrated that, but for her requested accommodation, she would be denied an equal opportunity to enjoy her home as a non-disabled person could. *See Howard*, 276 F.3d at 806. During the summer, Phillips walks to the pool, which is next to the grilling area, at least 2–4 times per week. Phillips asserts that she is able to do so because she experiences therapeutic effects from the pool, and she does not experience "quite as much" pain and discomfort when returning from the pool as when walking to it. R. 49-16, PID 1107. Still, the fact that several times per week, Phillips walks a long distance even before experiencing therapeutic effects from the pool supports the district court's conclusion that permitting her to use a patio grill is not necessary to ensure that she has an equal opportunity to grill at Acacia.

Second, Acacia offered Phillips an accommodation, recommended by her physician, that would ameliorate the limitations on her ability to use Acacia's grills. Phillips sent a letter from her physician indicating that she would benefit from having a grill closer to her unit or some other way of carrying her food and grilling supplies to Acacia's grills. In response, the Board proposed an accommodation that would enable Phillips to request assistance from an Acacia employee in transporting food and grilling supplies from her unit to the grilling area. Acacia's offered alternative undermines Phillips's necessity argument.

The Third Circuit's decision in *Vorchheimer v. Philadelphian Owners Association*, 903 F.3d 100 (3d Cir. 2018), is instructive. In *Vorchheimer*, a disabled woman requested permission to store her walker in her building's lobby while she was away from the building. *Id.*

at 104.  The building managers rejected her request, but offered her four alternative ways to store her walker and access it when she returned to the building.  *Id.*  The woman sued her building's owners' association under the FHAA.  *Id.*  The Third Circuit held that "all the proffered alternatives that afford equal opportunity to use and to enjoy housing bear on whether a specific accommodation is necessary."  *Id.* at 109.  The court explained that if a housing provider's offered alternative accommodation provides a disabled person with an equal opportunity to use and enjoy his or her dwelling, then the housing provider need not also grant the requested accommodation. *See id.* at 108.

Here, Acacia offered Phillips the alternative accommodation proposed by her physician. Her doctor's letter suggests that Acacia's assistance in carrying Phillips's food and supplies to the grilling area would mitigate the limitations that her arthritis imposes on her ability to use the grilling area—that is, her difficulty "walking any prolonged distance using a cane while carrying food and supplies for outdoor cooking."  R. 49-23, PID 1123.  Although Phillips prefers to grill on her patio, her rejection of Acacia's offered alternative supports the district court's determination that Phillips's preferred accommodation is not necessary to afford her an equal opportunity to use and enjoy her dwelling.  *See Vorchheimer*, 903 F.3d at 108.

Phillips's arguments regarding the Board's offered accommodation do not undermine this conclusion.  Phillips highlights the Board's delay in offering her the accommodation, but Phillips did not send a letter from her doctor describing her medical conditions to the Board until January 2020, over eight months after she and Weiss brought this action.  Additionally, Phillips argues in her opening brief on appeal that the Board's offer was insufficient because on weekends, Phillips might need to wait for the garage attendant—the only Acacia employee on site those days—to

assist her.[2] But Phillips did not offer evidence suggesting that any wait for the garage attendant's help would have been long, the garage is only "[a] couple 100 yards" away from Phillips's unit, *see* R. 50-1, PID 1201, and the Board indicated in its proposal to Phillips that although an Acacia employee "may not be available at the very moment" she called for assistance, an employee would help her in a "timely manner," R. 42-8, PID 818.

Even if Phillips's requested accommodation was necessary, it was not "reasonable" based on the evidence in the record. Although Phillips's requested accommodation was one way to minimize the limitations associated with her disability, the record indicates that granting the accommodation would impose substantial administrative burdens on Acacia. Acacia's reasons for its grill prohibition include concerns about open flames close to a multi-unit building, nuisances caused by smoke and odors, and rodents. Permitting Acacia residents to use grills on their patios would undermine these legitimate concerns. Additionally, according to Acacia's insurance broker of about ten years, Acacia's insurance coverage is based, in part, on the grill prohibition. The insurance broker explained that permitting residents to grill on patios in a multi-unit condominium like Acacia is a "significant liability risk." R. 42-3, PID 769. And the broker provided his "professional opinion" that if Acacia permitted residents to use grills on their patios, Acacia's insurer would either decline to provide coverage or significantly increase Acacia's insurance premiums. *Id.* at PID 770. Acacia's other residents might bear the costs of increased premiums. Phillips offered no evidence refuting this information.

---

[2] Phillips did not make that argument in her opposition to Appellees' motion for summary judgment in the district court.

## B. Weiss

Although the district court concluded that Weiss's requested accommodation was unnecessary because he "could not walk the distance to [a patio] grill" when experiencing extreme exhaustion, R. 59, PID 1724, we acknowledge that there may be a genuine dispute of material fact regarding whether Weiss's requested accommodation was "necessary" under the FHAA. On the one hand, Weiss indicated that when he experienced the effects of his medical conditions, he could only walk "a few steps in [his] apartment" and could not "walk anywhere outside of [his] apartment, including to [his] car in the Acacia garage or to the [grilling area]." R. 49-2, PID 894. On the other hand, Weiss requested that Acacia permit him to grill on his patio, "which [was] only a few steps for [him] to walk to." *Id.* This suggests that Weiss believed that he could grill on his patio even when experiencing extreme exhaustion.

We need not address the necessity of Weiss's requested accommodation, however, because the accommodation was not "reasonable" based on this record. Although granting the accommodation might enable Weiss to enjoy the full benefits of living at Acacia, doing so would impose significant administrative burdens on the condominium association and undermine its justifications for the prohibition of individual grills. Phillips and Weiss did not provide evidence refuting those burdens. We reject Weiss's suggestion that the insurance broker's statements about Acacia's coverage and premiums were speculative; the statements were based in part on the broker's decade of experience working with Acacia, and no evidence was offered to undermine the broker's contentions. Because of the associated burdens on Acacia, Weiss's requested accommodation was not "reasonable" under the FHAA. Although the district court did not address the reasonableness of the accommodations at issue, this court can affirm the district court's

decision on any ground supported by the record. *M.J. ex rel. S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 451 (6th Cir. 2021).

Weiss's argument that Acacia was required to engage in an "interactive process" with him to discuss potential accommodations fares no better. This court has concluded that "while some courts have imposed an obligation on employers and employees to engage in an interactive process, there is no such language in the Fair Housing Act or in the relevant sections of the Department of Housing and Urban Development's implementing regulations that would impose such a duty on landlords and tenants." *Groner*, 250 F.3d at 1047 (citing 24 C.F.R. §§ 100.200–100.205). *Accord Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1192–94 (9th Cir. 2021); *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains*, 284 F.3d 442, 455–56 (3d Cir. 2002). *But see Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1287 (11th Cir. 2014); *Jankowski Lee & Assocs. v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996).

## III.

Because Phillips's requested accommodation was not "necessary" to afford her an "equal opportunity to use and enjoy [her] dwelling," and neither Phillips's nor Weiss's requested accommodation was "reasonable," we AFFIRM the district court's judgment.